# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| SZAUER, ZENON A. | ) | CASE NO. 04-22926 |
| | ) | |
| Debtor(s) | ) | JUDGE  JACQUELINE P. COX |
| | ) | |

## TRUSTEE'S FINAL REPORT

To:   THE HONORABLE
      BANKRUPTCY JUDGE JACQUELINE P. COX

NOW COMES NORMAN NEWMAN, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1.    NORMAN NEWMAN was appointed, qualified and serves as the Chapter 7 trustee ("Trustee").  The Petition commencing this case was filed on June 16, 2004.  The Trustee's bond in this case is included as part of the Trustee's blanket bond.

2.    The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code.  The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge.  The Trustee has not found it advisable to oppose the Debtor(s) discharge.  The Trustee certifies that this estate is ready to be closed.  The tasks performed by the Trustee are set forth on Exhibit A.

3.    The disposition of estate property is set forth in Exhibit B.  The scheduled value of property abandoned is 0.00.  The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4.    A summary of the Trustee's Final Report as of May 16, 2007 is as follows:

| | | | |
|---|---|---|---|
| a. | RECEIPTS (See Exhibit C) | | 38,739.12 |
| b. | DISBURSEMENTS (See Exhibit C) | | 251.46 |
| c. | NET CASH available for distribution | | 38,487.66 |
| d. | TRUSTEE/PROFESSIONAL COSTS | | |
| | 1. | Trustee compensation requested | 4,623.91 |

(See Exhibit E)

2.    Trustee Expenses (See Exhibit E)                 0.00

3.    Compensation requested by attorney or other

       professionals for trustee (See Exhibit F)      25,951.71

e.    Illinois Income Tax for Estate (See Exhibit G)      0.00

5.    The Bar Date for filing unsecured claims expired on 04/14/06.

6.    All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (see Exhibit D).  The actual dollar amount of claims allowed and/or requested for this estate is as follows:

a.    Allowed unpaid Secured Claims              0.00

b.    Chapter 7 Administrative and 28 U.S.C. §1930 Claims     30,575.62

c.    Allowed Chapter 11 Administrative Claims       0.00

d.    Allowed Priority Claims              0.00

e.    Allowed Unsecured Claims        362,571.63

7.    Trustee proposes that unsecured creditors receive a distribution of 2.18% of allowed claims.

8.    Total compensation previously awarded to Trustee's counsel, accountant or other professional was 0.00.  Professional's compensation and expense requested but not yet allowed is $0.00.  The total of Chapter 7 professional fees and expenses requested for final allowance is 30,575.62.  (a summary of the professional fees and expenses previously requested is attached hereto as Exhibit G.)

9.    A fee of $1,500.00 was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b).  The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

Dated:   May 17, 2007       By:

NORMAN NEWMAN, Trustee
MUCH SHELIST
191 N. WACKER DRIVE, SUITE 1800
CHICAGO, IL  60606-1615

## TASKS PERFORMED BY TRUSTEE

The Trustee reviewed the Debtor's Schedule of Assets and Liabilities and Statements of financial Affairs. The Trustee conducted an examination of the Debtor at the Section 341 meeting of creditors.

1.      The Trustee prepared semi-annual reports to the United States Trustee's Office.

2.      The Trustee managed the estate's cash on hand. This included investing the estate's funds in interest bearing accounts and maintaining a report of cash receipts and disbursements.

3.      The Trustee examined the Debtor's records in an effort to identify additional assets available to the estate for liquidation and to verify the disposition of assets.

4.      The Trustee attended to tax issues concerning the estate.

5.      The Trustee reviewed the claims filed in this case.

**EXHIBIT A**

# M U C H  *S H E L I S T* 

191 North Wacker Drive, Suite 1800
Chicago, IL 60606.1615
T 312.521.2000  F 312.521.2100

FEIN 36-2757501

Zenon A. Szauer
c/o Norman B. Newman
191 N. Wacker Dr.
Chicago, IL 60606-1615

Invoice Number: ******

Invoice Date: **05/15/2007**

Matter Number: **0004136.0009**
04 - Trustee Matters

Billing Attorney: **Norman B. Newman**

## FEES THROUGH MAY 15, 2007

| Date | Atty. | Description | Hours |
|------|-------|-------------|-------|
| 10/05/05 | NBN | Review servicing transfer information from Washington Mutual. | 0.20 |
| 01/09/06 | NBN | Review notice of closing date for sale of real estate and telephone call with G. Morris regarding same. | 0.30 |
| 01/12/06 | NBN | Filing request to set claims bar date. | 0.20 |
| 01/12/06 | NXS | Open bank account, deposit funds, complete asset schedule and prepare report of asset case notice and e-file with the court. | 0.50 |
| 01/16/06 | NBN | Review claim bar date notice. | 0.20 |
| 01/24/06 | NBN | Review additional proceeds from sale of Szauer's real estate (.20); review claim bar date notice (.20). | 0.40 |
| 02/17/06 | NXS | Reconcile bank statements. | 0.20 |
| 03/10/06 | NXS | Reconcile bank statements. | 0.20 |
| 04/10/06 | NXS | Reconcile bank statements. | 0.20 |
| 05/01/06 | NBN | Review claims register. | 0.40 |
| 05/04/06 | NBN | Telephone call with L. West regarding tax returns (.20); review claim register (.30). | 0.50 |
| 05/10/06 | NXS | Reconcile bank statements. | 0.20 |
| 05/17/06 | NBN | Review claims and letter to attorney for MidAmerica regarding withdrawal of claim filed by mortgagee. | 1.10 |
| 06/13/06 | NXS | Reconcile bank statements. | 0.30 |
| 07/12/06 | NXS | Reconcile bank statements. | 0.30 |
| 07/21/06 | NBN | Review letter from and letter to M. Cohen regarding status of closing case. | 0.20 |



**PLEASE SEND PAYMENT TO:**
Much Shelist ◼ 35335 Eagle Way ◼ Chicago, IL 60678.1353



**QUESTIONS?**
E billinginquiries@muchshelist.com ◼ www.muchshelist.com

thinking business, practicing law.

# MUCH SHELIST



191 North Wacker Drive, Suite 1800
Chicago, IL  60606.1615

T 312.521.2000  F 312.521.2100

FEIN 36-2757501

Zenon A. Szauer
c/o Norman B. Newman
191 N. Wacker Dr.
Chicago,  IL 60606-1615

Invoice Number: ******

Invoice Date: **05/15/2007**

Matter Number: **0004136.0009**
  04 - Trustee Matters

Billing Attorney: **Norman B. Newman**

| Date | Atty. | Description | Hours |
|------|-------|-------------|-------|
| 08/22/06 | NXS | Reconcile bank statements. | 0.20 |
| 09/15/06 | NXS | Reconcile bank statements. | 0.20 |
| 10/20/06 | NBN | Review letter from and telephone call with M. Cohen regarding status of closing case. | 0.20 |
| 10/25/06 | NXS | Reconcile bank statements. | 0.20 |
| 11/17/06 | NXS | Reconcile bank statements. | 0.30 |
| 12/27/06 | NXS | Reconcile bank statements. | 0.20 |
| 01/12/07 | NXS | Reconcile bank statements. | 0.20 |
| 02/07/07 | NBN | Telephone call with M. Cohen regarding status of final report. | 0.20 |
| 02/20/07 | NXS | Reconcile bank statements. | 0.30 |
| 03/19/07 | NXS | Reconcile bank statements. | 0.20 |
| 04/10/07 | NXS | Reconcile bank statements. | 0.20 |
| 04/13/07 | NBN | Telephone call with representative of Largest unsecured creditor regarding status of final report. | 0.20 |

## DISPOSITION OF ESTATE PROPERTY

| Scheduled Property and Disposition | Amount Realized |
|---|---|
| | |
| | |

| Unscheduled Property | Amount Realized |
|---|---|
| | |
| | |

TOTAL RECEIPTS                                          $          38,739.12

TOTAL SCHEDULED VALUE OF PROPERTY          $                0.00
ABANDONED

TOTAL SCHEDULED VALUE OF EXEMPT PROPERTY   $          4,450.00

**EXHIBIT B**

# Form 1
## Individual Estate Property Record and Report
### Asset Cases

**Case Number:** 04-22926 0013

**Case Name:** SZAUER, ZENON A.

**Period Ending:** 05/16/07

**Trustee:** (330560)    NORMAN NEWMAN

**Filed (f) or Converted (c):** 06/16/04 (f)

**§341(a) Meeting Date:** 07/29/04

**Claims Bar Date:** 04/14/06

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) abandon.<br>DA=§554(c) abandon. | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| | BANK ACCOUNTS<br>Checking/Savings | 603.00 | 603.00 | | 0.00 | FA |
| | HOUSEHOLD GOODS AND FURNISHINGS<br>1/2 interest | 500.00 | 500.00 | | 0.00 | FA |
| | WEARING APPAREL AND JEWELRY | 500.00 | 0.00 | | 0.00 | FA |
| | STOCK AND BUSINESS INTERESTS<br>100% shares in Zens General Construction Co. | 10.00 | 10.00 | | 0.00 | FA |
| | AUTOMOBILES AND OTHER VEHICLES<br>2000 Toyota 4 Runner | 7,860.00 | 4,660.00 | | 0.00 | FA |
| | AUTOMOBILES AND OTHER VEHICLES<br>1992 Ford Club Wagon | 200.00 | 200.00 | | 0.00 | FA |
| | OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES<br>Sony Computer | 10.00 | 10.00 | | 0.00 | FA |
| | HOUSEHOLD GOODS AND FURNISHINGS<br>1/2 interest in Ridgewood Piano | 1,000.00 | 1,000.00 | | 0.00 | FA |
| | MACHINERY, FIXTURES, AND BUSINESS EQUIPMENT<br>Carpenter's Tools | 750.00 | 0.00 | | 0.00 | FA |
| 10 | ADVERSARY PROCEEDING (u) | Unknown | Unknown | | 38,370.49 | FA |
| 11 | INTEREST (u) | Unknown | N/A | | 368.63 | Unknown |
| | **Assets    Totals** (Excluding unknown values) | **$11,433.00** | **$6,983.00** | | **$38,739.12** | **$0.00** |

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 04-22926 0013
**Case Name:** SZAUER, ZENON A.

**Trustee:** (330560)    NORMAN NEWMAN
**Filed (f) or Converted (c):** 06/16/04 (f)
**§341(a) Meeting Date:** 07/29/04
**Claims Bar Date:** 04/14/06

**Period Ending:** 05/16/07

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) abandon.<br>DA=§554(c) abandon. | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

**Major Activities Affecting Case Closing:**

Complete tax returns.  Reviewing proofs of claim.

**Initial Projected Date Of Final Report (TFR):**  November 30, 2005    **Current Projected Date Of Final Report (TFR):**  July 31, 2007

# EXHIBIT C

## CASH RECEIPTS AND DISBURSEMENTS

**EXHIBIT C**

# Form 2
## Cash Receipts And Disbursements Record

| Case Number: | 04-22926 0013 | | Trustee: | NORMAN NEWMAN (330560) |
|---|---|---|---|---|
| Case Name: | SZAUER, ZENON A. | | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| Taxpayer ID #: | 13-7492502 | | Account: | ***-*****72-65 - Money Market Account |
| Period Ending: | 05/16/07 | | Blanket Bond: | $5,000,000.00 (per case limit) |
| | | | Separate Bond: | N/A |

| 1 Trans. Date | 2 (Ref #)/ Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 07/12/06 | {10} | FIRST AMERICAN TITLE INSURANCE CO. | SALE OF DEBTOR'S FORMER RESIDENCE | 1249-000 | 37,945.99 | | 37,945.99 |
| 07/24/06 | {10} | FIRST AMERICAN TITLE INSURANCE CO. | HOLDBACK FOR WATER BILL | 1249-000 | 424.50 | | 38,370.49 |
| 07/31/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.7000% | 1270-000 | 9.93 | | 38,380.42 |
| 08/31/06 | 1001 | International Sureties, Ltd. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/14/2006 FOR CASE #04-22926, Bond #016026455 | 2300-000 | | 35.42 | 38,345.00 |
| 08/31/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.7000% | 1270-000 | 20.61 | | 38,365.61 |
| 09/29/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 22.82 | | 38,388.43 |
| 10/31/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 24.30 | | 38,412.73 |
| 11/30/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 26.11 | | 38,438.84 |
| 12/29/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 25.28 | | 38,464.12 |
| 07/31/06 | 1002 | Illinois Department of Revenue | FEIN: 13-7492502 | 2820-000 | | 184.00 | 38,280.12 |
| 07/31/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 26.14 | | 38,306.26 |
| 08/31/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 26.05 | | 38,332.31 |
| 09/29/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 24.36 | | 38,356.67 |
| 09/30/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 26.89 | | 38,383.56 |
| 10/31/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 25.22 | | 38,408.78 |
| 11/30/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 24.40 | | 38,433.18 |
| 12/29/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 25.62 | | 38,458.80 |
| 02/06/07 | 1003 | International Sureties, Ltd. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/01/2007 FOR CASE #04-22926, Bond #016026455 | 2300-000 | | 32.04 | 38,426.76 |
| 02/28/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 19.15 | | 38,445.91 |
| 03/30/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 20.53 | | 38,466.44 |
| 04/30/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 21.22 | | 38,487.66 |
| | | | | Subtotals : | $38,739.12 | $251.46 | |

{} Asset reference(s)

# Form 2
## Cash Receipts And Disbursements Record

**Case Number:** 04-22926 0013
**Case Name:** SZAUER, ZENON A.

**Taxpayer ID #:** 13-7492502
**Period Ending:** 05/16/07

**Trustee:** NORMAN NEWMAN (330560)
**Bank Name:** JPMORGAN CHASE BANK, N.A.
**Account:** ***-*****72-65 - Money Market Account
**Blanket Bond:** $5,000,000.00  (per case limit)
**Separate Bond:** N/A

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| | | | **ACCOUNT TOTALS** | | 38,739.12 | 251.46 | $38,487.66 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 38,739.12 | 251.46 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$38,739.12** | **$251.46** | |

| | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| MMA # ***-*****72-65 | 38,739.12 | 251.46 | 38,487.66 |
| **TOTAL - ALL ACCOUNTS** | **$38,739.12** | **$251.46** | **$38,487.66** |

{} Asset reference(s)

A. Settlement Statement

OMB Approval No. 2502-0265

B. Type of Loan

5. Loan Type: Conv. Unins.

# First American Title Insurance Company
## Settlement Statement

6. File Number 1140657

7. Loan Number 3061206862

8. Mortgage Insurance Case Number
N/A

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(POC)" were paid outside this closing; they are shown here for informational purposes and are not included in the totals.

D. Name of Borrower: Sang K. Park, Herri C. Park

E. Name of Seller: Katerzyna M. Szauer
1718 West Altgeld Chicago, IL 60614

F. Name of Lender: Washington Mutual Bank, FA
3050 Highland Parkway, 3rd Floor
Downers Grove, IL 60515

G. Property Location: 1718 West Altgeld, Chicago, IL 60614

H. Settlement Agent: First American Title Insurance Company
Address: 3120 N. Lincoln Ave., Chicago, IL 60657

Place of Settlement Address: 3120 N. Lincoln Ave., Chicago, IL 60657

I.
Settlement Date: 01/11/2006

Print Date: 01/11/2006, 12:32 PM

Disbursement Date: 01/11/2006

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Contract Sales Price | 905,000.00 | 401. Contract Sales Price | 905,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 16,245.99 | 403. Total Deposits | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 120. Gross Amount Due From Borrower | 921,245.99 | 420. Gross Amount Due To Seller | 905,000.00 |
| 200. Amounts Paid By Or In Behalf of Borrower | | 500. Reductions In Amount Due To Seller | |
| 201. Deposit or earnest money | 10,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 878,700.00 | 502. Settlement charges (line 1400) | 98,076.49 |
| 203. Existing loan(s) taken subject | | 503. Existing loan(s) taken subject | |
| 204. Closing Cost Credit | 5,000.00 | 504. Payoff of first mortgage loan - Select Portfolio Servicing, Inc | 655,394.25 |
| 205. | | 505. Payoff of second mortgage loan - MidAmerica Bank | 104,730.30 |
| 206. | | 506. 1st & 2nd Installments 2004 to Cook County Collector | 6,080.06 |
| 207. | | 507. Closing Cost Credit | 5,000.00 |
| 208. | | 508. Disbursed as Proceeds ($0.00) | |
| 209. | | 509. Earnest Money Held By: Chicago Realtors | 10,000.00 |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes 01/01/05 to 12/31/05 @$0.00/yr | 6,063.16 | 511. County taxes 01/01/05 to 12/31/05 @$0.00/yr | 6,063.16 |
| 212. Assessments | | 512. Assessments | |
| 213. County Tax 01/01/06 to 01/11/06 @$0.00/yr | 182.75 | 513. County Tax 01/01/06 to 01/11/06 @$0.00/yr | 182.73 |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | 899,945.89 | 520. Total Reduction Amount Due Seller | 886,027.01 |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross amount due from borrower (line 120) | 921,245.99 | 601. Gross amount due to Seller (line 420) | 905,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 899,945.89 | 602. Less reductions in amounts due to Seller (line 520) | 886,027.01 |
| 303. Cash (X From) ( To) Borrower | 221,298.10 | 603. Cash (X To) ( From) Seller | 18,972.99 |

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent: _____

Date: 1/11/06

* See Supplemental Page for details.

L. Settlement Charges

| | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price $905,000.00 @ 0.0000% = | | | |
| Division of Commission (line 700) as follows | | | |
| 701. $22,725.00 to Chicago Realtors | | | |
| 702. $22,525.00 to Sang Park Realty | | | |
| 703. Commission paid at Settlement | | | |
| 704. (Note: $10000.00 POC Held By Chicago Realtors) | | | 35,250.00 |
| 800. Items Payable in Connection with Loan | | | |
| 801. Loan Origination Fee | | | |
| 802. Loan Discount | | | |
| 803. Appraisal Fee | | | |
| 804. Credit Report | | | |
| 805. Lender's Inspection Fee | | | |
| 806. Mortgage Insurance Application Premium | | | |
| 807. Assumption Fee | | | |
| 808. Tax Research/Payment Services Fee - Washington Mutual Bank, FA | | | |
| 809. Flood Determination Fee - LandAmerica Tax & Flood Service | | 31.00 | |
| 810. Funding and Review Fee - Washington Mutual Bank, FA | | 13.00 | |
| 811. Tax Procurement/Tracking Services Fee - First American Real Estate Tax Service | | 405.00 | |
| 812. Wire Transfer Fee - Washington Mutual Bank, FA | | 50.00 | |
| 813. Yield Spread Premium (1.375%) Paid by WAMU - Greater Mortgage Group      POC $9,332.13 | | 35.00 | |
| 814. | | | |
| Supplemental Summary | | | |
| 900. Items Required by Lender to be Paid in Advance | | | |
| 901. Interest 01/11/06 to 02/01/06 @$111.570000/day - Washington Mutual Bank, FA | | | |
| 902. | | 2,342.97 | |
| 903. Hazard Insurance Premium for  to All State | | | |
| 904.      POC $1,959.00 | | | |
| 905. | | | |
| Supplemental Summary | | | |
| 1000. Reserves Deposited with Lender | | | |
| 1001. Hazard Insurance 3 mo(s) @$163.25/mo | | | |
| 1002. Mortgage Insurance | | 489.75 | |
| 1003. City Property Taxes | | | |
| 1004. County Property Taxes 2 mo(s) @$444.52/mo | | | |
| 1005. Annual assessments | | 889.04 | |
| 1006. | | | |
| 1007. | | | |
| 1008. Aggregate Accounting Adjustment | | | |
| 1100. Title Charges | | -163.25 | |
| 1101. Settlement or closing fee - First American Title Insurance Company | | | |
| 1102. Abstract or title search | | 785.00 | |
| 1103. Title examination | | | |
| 1104. Title Insurance Binder | | | |
| 1105. Document Fee | | | |
| 1106. Notary Fee | | | |
| 1107. Attorney Fee to Lawrence & Morris | | 1,000.00 | 1,000.00 |
| (includes above item numbers: ) | | | |
| 1108. Title Insurance - See supplemental page for breakdown of individual fees and payees | | 260.00 | 1,980.00 |
| (includes above item numbers: ) | | | |
| 1109. *Lender's coverage $678,700.00 Premium: $260.00 | | | |
| 1110. Owner's coverage $905,000.00 Premium: $1,980.00 | | | |
| 1111. Agent Compensation as part of total premium to Lawrence & Morris      POC $1,508.00 | | | |
| 1112. Environmental Protection Lien - First American Title Insurance Company | | 110.00 | |
| 1113. ARM Endorsement - First American Title Insurance Company | | 110.00 | |
| 1114. | | | |
| 1115. | | | |
| 1116. | | | |
| 1117. | | | |
| 1200. Government Recording and Transfer Charges | | | |
| 1201. *Recording fees: Deed $28.00 Mortgage $68.00 Release $52.00 | | | |
| 1202. *City/county tax/stamps: Deed $7240.00 Mortgage $0.00 | | 120.00 | 26.00 |
| 1203. *State tax/stamps: Deed $905.00 Mortgage $0.00 | | 6,787.50 | 452.50 |
| 1204. State of IL Loan Policy Fee | | | 905.00 |
| 1205. State of IL Owner's Policy Fee | | 3.00 | |
| 1206. Supplemental Summary | | | 3.00 |
| 1300. Additional Settlement Charges | | 70.00 | 46.00 |
| 1301. Survey to | | | |
| 1302. Pest Inspection to | | | |
| 1303. Funds Held: TI for 1st 2005 Cook County Taxes | | | |
| 1304. Water Holdback to First American Title | | 2,755.98 | |
| 1305. Per Bankruptcy Order 60% of Proceeds to Norman B. Newman, as the Chapter 7 Trustee for Zenon A. Szauel | | | 1,000.00 |
| 1306. Per Settlement Agreement 25% of Proceeds to Slawomir Grzywaczewski | | | 37,945.99 |
| 1307. Costs to Lawrence & Morris | | | 16,973.00 |
| 1308. Electronic Delivery Fee - First American Title Insurance Company | | | 465.00 |
| 1309. Delivery/Service Charge - First American Title Insurance Company | | 25.00 | |
| 1310. Document Processing Fee - First American Title Insurance Company | | 20.00 | 30.00 |
| 1311. Title Indemnity Service FEE - First American Title Insurance Company | | 5.00 | |
| 1312. | | 100.00 | |
| 1313. | | | |
| 1314. | | | |
| Supplemental Summary | | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | 16,243.99 | 98,076.49 |

* See Supplemental Page for details.

# First American Title Insurance Company
## Settlement Statement

| | |
|---|---|
| | Loan No. 3061206662 |
| | Settlement Date: 01/11/2006 |

**Borrower Name & Address:** Sang K. Park, Herri C. Park

**Seller Name & Address:** Katarzyna M. Szauer
1718 West Altgeld Chicago, IL 60614

| Section L. Settlement Charges continued | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 1107.  Supplemental Summary | 2,000.00 | | |
| a) Attorney's Fees to Lawrence & Morris | | | |
| b) Attorney's Fees to Won Sun Kim | | 1,000.00 | 1,000.00 |
| 1108.  Supplemental Summary | 2,240.00 | | |
| a) Owner's Policy - First American Title Insurance Company | | 260.00 | |
| b) Loan Policy - First American Title Insurance Company | | | 1,980.00 |
| 1201.  Supplemental Summary | 148.00 | | |
| a) Release - First American Title Insurance Company | | | 26.00 |
| b) Deed - First American Title Insurance Company | | 26.00 | |
| c) Mortgage - First American Title Insurance Company | | 68.00 | |
| 1202.  Supplemental Summary | 7,240.00 | | |
| a) County Transfer Tax - First American Title Insurance Company | | | 452.50 |
| b) City Transfer Tax - First American Title Insurance Company | | 6,787.50 | |
| 1203.  Supplemental Summary | 905.00 | | |
| a) State Transfer Tax - First American Title Insurance Company | | | 905.00 |
| 1205.  Supplemental Summary | 116.00 | | |
| 1207) POA Recording Fee - First American Title Insurance Company | | 30.00 | |
| 1208) Certificate of Release Recording Fee - First American Title Insurance Company | | | 26.00 |
| 1209) Rental Housing Support Program Act - First American Title Insurance Company | | 40.00 | 20.00 |

| The following Section is restated from the Settlement Statement Page 1 | | | | | |
|---|---|---|---|---|---|
| 300. Cash At Settlement From/To Borrower | | | 600. Cash At Settlement To/From Seller | | |
| 301. Gross amount due from Borrower (line 120) | | 921,243.99 | 601. Gross Amount due to Seller (line 420) | | 905,000.00 |
| 302. Less amounts paid by/for Borrower (line 220) | | 699,945.89 | 601. Less reductions in amounts due to Seller (line 520) | | 886,027.01 |
| 303. Cash (X From) ( To) Borrower | | 221,298.10 | 603. Cash (X To) ( From) Seller | | 18,972.99 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and distributions made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

BUYER(S):

_____
Sang K. Park

_____
Herri C. Park
By
as Attorney — in —Fact

SELLER(S):
by                her atty in
fact

_____
Katarzyna M. Szauer

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release is effective this 11th day of January, 2006 between SLAWOMIR GRZYWACZEWSKI ("SEAN"), party of the first part; and ZENON A. SZAUER and KATARZYNA M. SZAUER (hereinafter "ZENON" and "KATARZYNA" respectively, and collectively as "SZAUER") party of the second part, according following terms:

WHEREAS, SEAN has filed suit against SZAUER in the Circuit Court of Cook County, Illinois, case No. 04 CH 07604 (hereinafter, the "Action") for breach of contract, fraud, to set aside conveyance of realty, and constructive trust; which matters are yet unresolved and undetermined by the Court;

WHEREAS, based upon said Action SEAN has recorded a Lis Pendens Notice upon certain improved real estate located at 1718 W. Altgeld, Chicago, Illinois, (hereinafter, "the Property");

WHEREAS, ZENON A. SZAUER has filed an action for bankruptcy in the Northern District of Illinois, case No. 04 B 22926 (hereinafter, the "BK"), SEAN has filed a claim therein, and said matter is in yet unresolved and undetermined;

WHEREAS, SEAN has filed an Adversary Case as Case No. 05 A 00844 in the BK objecting to the discharge of ZENON A. SZAUER and objecting to the dischargeability of SEAN's claim;

WHEREAS, the Trustee in the BK has filed an Adversary Case as Case No. 05 A 01483 seeking recovery of 50% of the interest in the Property;

WHEREAS, SZAUER has entered into a contract to sell the Property;

WHEREAS, SZAUER is unable to provide clear title to the Property without the dismissal of the Action and the release of the Lis Pendens Notice;

WHEREAS, SEAN and SZAUER desire to settle all of their outstanding disputes and claims;

NOW THEREFORE, in consideration of the mutual covenants contained herein, SEAN and SZAUER agree as follows:

1.    SZAUER will deposit with the Trustee in the BK a sum equal to $37,945.99, representing ½ of the net proceeds from the sale of the Property for distribution to SEAN and the other creditors in the BK, as determined by court order in the BK. This amount shall represent ZENON's equitable and/or legal interest in the Property, subject to any allowances and or reductions thereto imposed by the Trustee in said BK.    In addition thereto, SZAUER will pay SEAN a sum equal to $18,973.00, representing ½ of the remaining ½ of the net proceeds from the sale of the Property. This amount shall represent ½ of KATARZYNA M. SZAUER's equitable and or legal interest in the Property.

2.    The amount that SEAN receives from KATARZYNA's share is for the purpose of clearing title and to release SEAN's interest in the real estate and to release KATARZYNA from all claims made by SEAN in the action against SZAUER. This amount shall not be credited against the monetary claim that SEAN has against ZENON.

3.    It is anticipated that SEAN shall receive a minimum of at least $25,000 from the distribution in BK. SZAUER shall not object to SEAN's claim, encourage or cause the Trustee to object to his claim, or make any efforts whatsoever to reduce his claim except that SZAUER shall obey any court orders.

4.    SEAN will dismiss with prejudice the Action; SEAN will withdraw or move to

dismiss his Adversary Complaint filed in the BK.

5.    SEAN , his predecessors, successors, subsidiaries, affiliates, assigns, insurers, reinsurers, employees, officers, stockholders, directors, agents and their respective heirs and legal representatives, hereby releases and forever discharges SZAUER, his/her predecessors, successors, subsidiaries, affiliates, assigns, insurers, reinsurers, employees, officers, stockholders, directors, agents and their respective heirs and legal representatives, from any and all liability for any claims, debts, dues, causes of action, actions, obligations, costs and expenses at law or in equity which SEAN now has heretofore has had, or hereafter may ever have which are now known and which arise out of or which could have arisen out of, or which otherwise relate in any way to the basis and facts as set forth in the Action.

6.    SZAUER, his/her predecessors, successors, assigns, employees, agents, and his/her respective heirs and legal representative, hereby releases and forever discharges SEAN its predecessors, successors, subsidiaries, affiliates, assigns, employees, officers, stockholders, directors, agents, and his respective heirs and legal representative, from any and all liability for any claims, debts, due, causes of action, actions, obligations, costs and expenses at law or in equity which SZAUER now has, heretofore has had, or hereafter may ever have which are now known and which arise out of or which could have arisen out of, or which otherwise relate in any way to the basis and facts as set forth in the Action.

7.    The parties to this Settlement Agreement and Mutual Release acknowledge that each continues to deny any liability in connection with any matters asserted in the Action.

8.    This Settlement Agreement and Mutual Release prevails over all prior communications regarding the matters contained herein between the parties hereto or their representatives.

9. This Settlement Agreement and Mutual Release constitutes the entire understanding between the parties hereto and may not be amended, modified, or waived except by an instrument in writing executed by the parties hereto.

10. Each of the parties to this Settlement Agreement and Mutual Release acknowledges that it has relied upon the advice or representation of counsel of its own selection in entering into this Settlement Agreement and Mutual Release, has carefully read the foregoing this Settlement Agreement and Mutual Release, and signs this document voluntarily.

11. The parties may execute this Settlement Agreement and Mutual Release in counterparts with the same effect as if they had executed one document.

12. Each of the parties to this Settlement Agreement and Mutual Release further warrants, upon execution of this Settlement Agreement and Mutual Release, that the individual signing this Settlement Agreement and Mutual Release on behalf of each party is possessed with the authority to act on behalf of that party.

_____
ZENON A. SZAUER

_____
KATARZYNA M. SZAUER

_____
SLAWOMIR GRZYWACZEWSKI

_____

1/11/06.

**There is going to be a holdback for $1000.00**

**Funds to be disbursed as follows after water balance is cut:**

**50% Norman . Newman**
**25% Slawomir Grzywaczewski**
**25% Katarzyna Szauer**





# *First American Title Company*

3120 NORTH LINCOLN AVENUE, CHICAGO, IL 60657
Phone 773-525-1287

**January 10, 2006**


**Katarzyna M. Szauer authorizes First American Title to disburse proceeds
pursuant to terms on Settlement Agreement and Mutual Release signed by all
parties involved.**

Katarzyna M. Szauer

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| SZAUER, ZENON A. | ) | CASE NO. 04-22926 |
| | ) | |
| Debtor(s) | ) | JUDGE  JACQUELINE P. COX |
| | ) | |

## DISTRIBUTION REPORT

I, NORMAN NEWMAN, Trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution:

SUMMARY OF DISTRIBUTION:

| | | |
|---|---|---|
| Secured Claims | $ | 0.00 |
| Chapter 7 Administrative Expenses: | $ | 30,575.62 |
| Chapter 11 Administrative Expenses: | $ | 0.00 |
| Priority Claims (507(a)(2)-(a)(7)): | $ | 0.00 |
| Secured Tax Liens: | $ | 0.00 |
| Priority Tax Claims: | $ | 0.00 |
| Other Priority Claims (507(a)(9)): | $ | 0.00 |
| General Unsecured Claims: | $ | 7,912.04 |
| TOTAL AMOUNT TO BE DISTRIBUTED: | $ | 38,487.66 |

**EXHIBIT D**

| 1.   TYPE OF CLAIMS | | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| Secured Claims | | $0.00 | 0.00% |
| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |

| 2.   TYPE OF CLAIMS | | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| §726(a) & (B) and §507(a)(1) (Chapter 7 costs of administration including court costs and U.S. Trustee quarterly fees pursuant to 28 U.S.C. 1930(6)) | | $30,575.62 | 100.00% |
| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
| A | Norman B. Newman, Trustee | 4,623.91 | 4,623.91 |
| B | Much Shelist, et.al. | 24,834.00 | 24,834.00 |
| C | Much Shelist, et.al. | 334.71 | 334.71 |
| D | Popowcer Katten, Ltd. | 783.00 | 783.00 |

| 3.   TYPE OF CLAIMS | | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| §726(a) & (b) and §507(a)(1) (Debtor-in-possession (DIP) administrative expenses) | | $0.00 | 0.00% |
| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |

**EXHIBIT D**

| 4. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(2) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| | | | |

| 5. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(3) - Wages, salaries or commissions limited to $4,300.00 | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| | | | |

| 6. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(4) - Contributions to Employee Benefit Funds | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| | | | |

| 7. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(5) - Farmers' and Fishermen's claims to the extent of $4,300.00 | $0.00 | 0.00% |

| CLAIM | | ALLOWED | DIVIDEND |
|---|---|---|---|

**EXHIBIT D**

| NUMBER | CREDITOR | AMOUNT | AMOUNT |
|--------|----------|--------|--------|

| 8. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|----|----------------|------------------------|------------------|
| 507(a)(6) - Deposits by consumers to the extent of $1,950.00 | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|--------------|----------|----------------|-----------------|

| 9. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|----|----------------|------------------------|------------------|
| 507(a)(7) - Alimony | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|--------------|----------|----------------|-----------------|

| 10. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|-----|----------------|------------------------|------------------|
| §724(b) - Tax Liens | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|--------------|----------|----------------|-----------------|

| 11. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|-----|----------------|------------------------|------------------|
| §507(a)(8) - Tax claims excluding fines and penalties | | $0.00 | 0.00% |

**EXHIBIT D**

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 12. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| §507(a)(9) - Capital Commitments to FDIC, et al. | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 13. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| §726(a)(2) - General Claims (To be paid pro-rata after costs of administration and priority claims are paid in full) | | $362,571.63 | 2.18% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| 1 | Salwomir Grzywaczewski | 291,862.78 | 6,369.03 |
| 3 | B-Line, LLC/ Chase Bank USA, N.A. B-Line, LLC | 9,077.98 | 198.10 |
| 4 | American Express Centurion Bank | 5,068.79 | 110.61 |
| 5 | American Express Bank FSB | 15,502.36 | 338.29 |
| 6 | JP Morgan Chase Bank, N.A. successor by Merger with Bank One | 2,096.58 | 45.75 |

**EXHIBIT D**

| 7 | Citibank USA N.A. | 12,113.91 | 264.35 |
| 8 | MBNA America Bank N.A. | 11,472.23 | 250.35 |
| 9 | Citibank (South Dakota) N.A. Citibank/Choice | 15,377.00 | 335.56 |

| 14. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|-----|---------------|------------------------|------------------|
| Subordinated unsecured claims | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|--------------|----------|----------------|-----------------|

| 15. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|-----|---------------|------------------------|------------------|
| §726(a)(3) - Late unsecured claims | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|--------------|----------|----------------|-----------------|

| 16. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|-----|---------------|------------------------|------------------|
| §726(a)(4) - Fines/penalties | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|--------------|----------|----------------|-----------------|

| 17. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|-----|---------------|------------------------|------------------|

**EXHIBIT D**

| §726(a)(5) - Interest | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
| --- | --- | --- | --- |

| 18. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
| --- | --- | --- | --- |

| §726(a)(6) - Surplus to Debtor | | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
| --- | --- | --- | --- |

The following claims are not included in the distribution because they have been disallowed by court order or have been withdrawn by the claimant:

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED /WITHDRAWN (DESIGNATE) |
| --- | --- | --- | --- | --- |
| Unsecured | 2 | MidAmerica Bank 2650 Warrenville Rd. Suite 500 Downers Grove, IL 60515 | $102,213.76 | Withdrawn |

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

Dated: _____                  _____
                                          NORMAN NEWMAN, Trustee

**EXHIBIT D**

# MUCH SHELIST

ATTORNEYS AT LAW
191 N. WACKER DRIVE
SUITE 1800
CHICAGO, IL 60606.1615

T 312.521.2000
F 312.521.2200

www.muchshelist.com

DIRECT DIAL:
312.521.2492
nnewman@muchshelist.com

November 7, 2006

VIA FACSIMILE
312-782-1482

MidAmerica Bank
c/o Lawrence J. Stark
Stone, Pogrund &Korey
221 N. LaSalle Street
Suite 3200
Chicago, IL 60601

    Re:   Zenon Szauer – Case No. 05 B 22926

Dear Mr. Stark:

    I have contacted you in the past requesting you to withdraw the claim of MidAmerica Bank filed in the above-referenced bankruptcy estate. In order to expedite the closing of this estate, please sign below where indicated agreeing that MidAmerica has been paid in full and consents to the withdrawal of Claim number 2 in the amount of $102,213.76 and return same to me as soon as possible.

    Please let me know if you have any questions.

                Very truly yours,

                Norman B. Newman

NBN:nas

I agree that Claim No. 2 filed by MidAmerica Bank in the amount of $102,213.76, should be withdrawn in its entirety.

                MidAmerica Bank

                By:

Much Shelist Freed Denenberg Ament & Rubenstein, P.C.

# Claims Proposed Distribution

## Case: 04-22926   SZAUER, ZENON A.

### Report Includes ONLY Claims with a Proposed Distribution

**Case Balance:** $38,487.66    **Total Proposed Payment:** $38,487.66    **Remaining Balance:** $0.00

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| A | Norman B. Newman, Trustee <br> <2100-00 Trustee Compensation> | Admin Ch. 7 | 4,623.91 | 4,623.91 | 0.00 | 4,623.91 | 4,623.91 | 33,863.75 |
| B | Much Shelist, et.al. <br> <3110-00 Attorney for Trustee Fees (Trustee Firm)> | Admin Ch. 7 | 24,834.00 | 24,834.00 | 0.00 | 24,834.00 | 24,834.00 | 9,029.75 |
| C | Much Shelist, et.al. <br> <3120-00 Attorney for Trustee Expenses (Trustee Firm)> | Admin Ch. 7 | 334.71 | 334.71 | 0.00 | 334.71 | 334.71 | 8,695.04 |
| D | Popowcer Katten, Ltd. <br> <3410-00 Accountant for Trustee Fees (Other Firm)> | Admin Ch. 7 | 783.00 | 783.00 | 0.00 | 783.00 | 783.00 | 7,912.04 |
| **SUBTOTAL FOR ADMIN CH. 7** | | | **30,575.62** | **30,575.62** | **0.00** | **30,575.62** | **30,575.62** | |
| 1 | Salwomir Grzywaczewski <br> **Claim Memo:** Unsecured$291862.78 | Unsecured | 291,862.78 | 291,862.78 | 0.00 | 291,862.78 | 6,369.03 | 1,543.01 |
| 3 | B-Line, LLC/ Chase Bank USA, N.A. B-Line, LLC <br> **Claim Memo:** Unsecured$9077.98 | Unsecured | 9,077.98 | 9,077.98 | 0.00 | 9,077.98 | 198.10 | 1,344.91 |
| 4 | American Express Centurion Bank <br> **Claim Memo:** Unsecured$5068.79 | Unsecured | 5,068.79 | 5,068.79 | 0.00 | 5,068.79 | 110.61 | 1,234.30 |
| 5 | American Express Bank FSB <br> **Claim Memo:** Unsecured$15502.36 | Unsecured | 15,502.36 | 15,502.36 | 0.00 | 15,502.36 | 338.29 | 896.01 |
| 6 | JP Morgan Chase Bank, N.A. successor by Merger with Bank One <br> **Claim Memo:** Unsecured$2096.58 | Unsecured | 2,096.58 | 2,096.58 | 0.00 | 2,096.58 | 45.75 | 850.26 |
| 7 | Citibank USA N.A. <br> **Claim Memo:** Unsecured$12113.91 | Unsecured | 12,113.91 | 12,113.91 | 0.00 | 12,113.91 | 264.35 | 585.91 |
| 8 | MBNA America Bank N.A. <br> **Claim Memo:** Unsecured$11472.23 | Unsecured | 11,472.23 | 11,472.23 | 0.00 | 11,472.23 | 250.35 | 335.56 |
| 9 | Citibank (South Dakota) N.A. Citibank/Choice <br> **Claim Memo:** Unsecured$15377.00 | Unsecured | 15,377.00 | 15,377.00 | 0.00 | 15,377.00 | 335.56 | 0.00 |
| **SUBTOTAL FOR UNSECURED** | | | **362,571.63** | **362,571.63** | **0.00** | **362,571.63** | **7,912.04** | |

Case 04-22926    Doc 68    Filed 06/15/07    Entered 06/15/07 10:36:51    Desc Main
Document    Page 30 of 30

# Claims Proposed Distribution

## Case:  04-22926   SZAUER, ZENON A.

Report Includes ONLY Claims with a Proposed Distribution

**Case Balance:**    $38,487.66        **Total Proposed Payment:**    $38,487.66        **Remaining Balance:**    $0.00

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---------|---------------|------|--------------|----------------|--------------|---------------|------------------|-----------------|
| | **Total for Case 04-22926 :** | | **$393,147.25** | **$393,147.25** | **$0.00** | **$393,147.25** | **$38,487.66** | |

### CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| **Total Administrative Claims :** | $30,575.62 | $30,575.62 | $0.00 | $30,575.62 | 100.000000% |
| **Total Unsecured Claims :** | $362,571.63 | $362,571.63 | $0.00 | $7,912.04 | 2.182201% |